IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:05CR00001 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| FILIMON LLAMAS-RAMIREZ, | ) | |
| | ) | |
| Defendant, | ) | By:   B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a multiple count Superseding Indictment charging defendant, in Count One, with knowingly conspiring to distribute, and to possess with intent to distribute, more than 5 kilograms a mixture or substance containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and, in Count Fifteen, with knowingly and willfully distributing, or possessing with intent to distribute, more than 500 grams of cocaine, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). With respect to Count Fifteen, the Grand Jury also made a special finding of relevant conduct, specific offense characteristic(s), and/or bases for upward departure under the United States Sentencing Guidelines, namely that the defendant should be held responsible, as reasonably foreseeable within the scope of the conspiracy, for more than 1.5 kilograms of cocaine, as set forth in USSG § 2D1.1(c)(3). On April 27, 2005, a plea hearing was conducted before the undersigned, and the defendant entered a plea of guilty to the lesser included offenses of Counts One and Fifteen

of the Superseding Indictment pursuant to a plea agreement between defendant and the government.[1]

At this hearing the defendant was placed under oath and testified that his full legal name is Filimon Llamas-Ramirez, that he was born on June 7, 1977, and that he completed the seventh grade in Mexico. The defendant stated that he cannot read, write, or understand the English language. The defendant's primary language is Spanish, and he was assisted in the plea colloquy by a Spanish interpreter. The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. Defendant stated that he was subject to no other physical or mental condition that would impair his ability to understand the nature of the proceedings being held, the nature of the charges against him or the consequences of pleading guilty to those charges. Defendant's counsel stated that he had no reservations as to the defendant's competency to enter a plea of guilty to these offenses.

The defendant testified that he had received a copy of the Superseding Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. He also testified that he had read the plea agreement in its entirety and had discussed the plea agreement with his counsel before signing the agreement. He stated that he understood the terms of the agreement and that the document presented to the court set forth his agreement with the government in its entirety. The defendant specifically testified that he understood that under the terms of the agreement he was waiving any right to appeal or to collaterally attack his conviction or sentence and that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in the lesser included offenses of Counts One and Fifteen, including any facts related

---

[1] The lesser included offenses of Counts One and Fifteen are only lesser with respect to drug weight.

to sentencing.

The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offenses charged. The defendant also stated that no one had made any promises other than those contained in his agreement with the government, or made any assurances or threats to him in an effort to induce his plea. The defendant testified that he understood that the offenses with which he is charged are felonies and that, if his plea is accepted, he will be adjudged guilty of such offenses. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100 per count of conviction, for a total of $200, and that, at the discretion of the court, he may also be denied federal benefits, as that term is defined in 21 U.S.C. § 862, for a period of years or indefinitely, as set forth in the plea agreement. The defendant acknowledged that he consented to forfeit any right, title or interest in the following assets seized or restrained by the government, as they are proceeds of a felony violation of 21 U.S.C. § 846 and/or 841: (1) approximately $41,071.00 in U.S. Currency; (2) one 2001 Black Ford Pick-up Truck, VIN 1FTRW08W01KD86729; (3) one 1995 Chevrolet Pick-up Truck C1500, VIN 2GCEC19K0512017; and (4) one 1993 Chrysler Concord, VIN 2C3EL56F5PH663001. The defendant further stated that he understood that he must submit to the government a complete and truthful financial statement revealing all his assets and liabilities on a form provided by the government within 30 days of the date of the plea agreement. The defendant stated that he was waiving his right to raise the defense of the statute of limitations if for any reason the plea agreement is withdrawn or otherwise not consummated. The defendant also testified that he was waiving all rights under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution

of his case.

The defendant was informed that the maximum possible penalty provided by law for the offenses with which he is charged is, in the case of Count One, life imprisonment and a $4 million fine, together with supervised release, and, in the case of Count Fifteen, forty years in prison and a $2 million fine, together with supervised release. The defendant also was informed that the minimum mandatory sentence for Count One is ten years in prison, together with supervised release, and for Count Fifteen is five years in prison, together with supervised release. The defendant was then informed that the maximum possible penalty provided by law for the lesser included offenses of Counts One and Fifteen to which he is pleading guilty is forty years imprisonment and a $2 million fine, together with supervised release, for each count. The defendant was also informed that the mandatory minimum sentence for the lesser included offenses of Counts One and Fifteen is five years in prison, together with supervised release, for each count.

The defendant was informed under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 2005 WL 50108 (U.S. Jan. 12, 2005), the sentencing guidelines are no longer mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have an opportunity to challenge the reported facts and the application of the guidelines. He stated that he understood that

the eventual sentence imposed may be different from any estimate his attorney has given him and that the court has the authority to issue a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty.

The defendant stated that he agreed that, for purposes of USSG §§ 2D1.1 and 1B1.3, he should be held responsible for more than 3.5 kilograms but less than 5 kilograms of cocaine. The defendant testified that he understood that a maximum of four sentencing points may be added to or subtracted from his sentencing level depending on the degree to which he organized, led, managed or supervised criminal activity involving multiple participants. The defendant stated, however, that he agreed with the government that his base offense should neither be enhanced nor diminished based upon his role in the offense. The defendant stated that he understood that, contingent upon his acceptance of responsibility and continued cooperation in the sentencing process, and fulfillment of his duties under the plea agreement, the government will recommend a two-level (2) reduction under USSG § 3E1.1(a) for acceptance of responsibility and a one-level (1) reduction pursuant to USSG § 3E1.1(b) because he meets the listed criteria. The defendant acknowledged that he understood that the government will not file a motion for substantial assistance on his behalf. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole. The defendant also stated that he agreed that, upon his release from prison, he will be delivered to an authorized immigration official for deportation.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1.  The right to plead not guilty to any offense charged against him;

2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and
6. The right to decline to testify unless he voluntarily elected to do so in her own defense;
7. The right to a unanimous guilty verdict;
8. The right to appeal a guilty verdict.

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also testified that he understood the possible consequences of his plea and the consequences of breaching any term of the plea agreement. The defendant asked the court to accept his plea of guilty to the lesser included offense of Counts One and Fifteen of the Superseding Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived his right to have the government's Factual Summary read in open court and accepted said Summary in its entirety.[2] The Factual Summary having been filed in open court, the evidence presented therein regarding the offenses charged is as follows:

On May 17, 2004, the ATF and DEA were contacted by a source of information that stated William Russell Carroll, a/k/a "Tony" (hereinafter referred to as CARROLL) was involved in buying, using and selling cocaine in and around the Winchester, VA area. The source of information further stated that Carroll was looking to hire a "hit man" to kill his girlfriend's husband who

---

[2] For the record, however, counsel for the defendant noted that the defendant contends that he was unaware of any codefendant except Jose Jesus Rodriguez-Garcia and the defendant's wife. The defendant did not state the name of his wife, but she is likely Aleida Llama Arellano-Arellano.

resides in Cumberland, Maryland. During the murder-for-hire investigation Carroll told the ATF undercover agent that he had a good and reliable source for cocaine. Subsequently, the undercover made a series of controlled purchases of cocaine from Carroll. The investigation revealed that Carroll's primary sources for cocaine were Charles Currington and John Sherman Floyd who were, in turn, supplied by Woodward. Woodward was supplied by Jose Garcia who was, in turn, supplied by the defendant, Filimon Llamas-Ramirez.

***Count One***

The defendant was the main source of supply in this cocaine distribution conspiracy. The defendant was responsible for supplying Garcia and others with cocaine. Garcia sold this cocaine to co-defendants in this conspiracy. A search of the defendant's residence produced over $40,000 in U.S. Currency which was bundled in $1000 amounts and was consistent with the way that drug traffickers package money.

***Count Fifteen***

On January 05, 2005, the undercover agents contacted Carroll to arranged a controlled purchase of 3 ounces of cocaine. Carroll then contacted Currington who, in turn, contacted Woodward to set up the cocaine purchase. Surveillance units followed Currington and Woodward as they met with Garcia and purchased the cocaine. Investigators then stopped Garcia and identified him. Investigators observed in plain view pre-recorded DEA funds in Garcia's vehicle. Garcia was placed under arrest. Later that evening, one of the co-defendants in this investigation identified the defendant as the cocaine source of supply. The defendant was contacted via telephone and agreed to bring cocaine to a pre-determined location. The defendant arrived shortly after and was arrested while in possession of 3 kilograms of cocaine. Following the usual proper chain of custody, the

drugs were submitted to DEA lab which determined that they constituted 3001 grams of cocaine.

**PROPOSED FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Counts One and Fifteen of the Superseding Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that this court accept the defendant's plea of guilty to Counts One and Fifteen of the Superseding Indictment and adjudge him guilty of that offense. The undersigned further DIRECTS that a presentence report be prepared and RECOMMENDS that the presiding District Judge defer acceptance of the plea agreement until after that report has been submitted to the Court. A sentencing hearing hereby is scheduled for August 10, 2005 at 11:30 a.m. before the presiding District Judge in Harrisonburg.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within

ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

5/10/05
Date